# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————

No. 05-2587

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Nebraska. |
| Robert L. Williams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

————————

Submitted: March 13, 2006
Filed: May 12, 2006

————————

Before COLLOTON, HEANEY and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Robert L. Williams pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Williams to 41 months' imprisonment. Williams appeals his sentence, arguing that the district court gave undue weight to the United States Sentencing Guidelines or improperly treated them as mandatory in violation of *United States v. Booker*, 543 U.S. 220 (2005), and

---

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

that the district court improperly balanced the factors outlined in 18 U.S.C. § 3553(a). We affirm.

A sentence falling within the advisory guidelines sentencing range is presumptively reasonable and will be disturbed only if the sentencing court abused its discretion by giving significant weight to an improper factor, failing to consider a factor that deserved significant weight or committing a clear error in judgment when weighing appropriate factors. *United States v. Sebastian*, 436 F.3d 913, 915 (2006). We do not require "'robotic incantations' that each statutory factor has been considered." *United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005) (citation omitted). Instead, it is enough if it is clear that the guidelines were applied in an advisory fashion and that the district court appropriately considered the non-guidelines factors. *Id.*

As calculated by the district court, Williams's advisory guidelines sentencing range was 41 to 57 months. Williams's 41-month sentence falls at the low end of that range and is presumptively reasonable. Having reviewed the record, we find no abuse of discretion. The record does not suggest that the district court applied the guidelines in a mandatory fashion or gave them undue weight. Instead, the district court accepted a plea agreement in which the United States agreed to recommend a sentence at the low end of the guidelines sentencing range, and the district court gave Williams just such a sentence. It is also clear that the district court considered factors beyond the guidelines sentencing range. Specifically, the district court heard argument concerning Williams's personal characteristics (e.g., age and health). The district court opined, however, that a lengthier sentence (as opposed to the probation requested by Williams) was appropriate because lighter sentences served by Williams previously had proven to be an insufficient deterrent and because Williams knowingly possessed firearms for several years despite his felon status. The record further reflects that, but for the plea agreement, the district court would have sentenced Williams to an even longer period of imprisonment.

As we find that the district court properly calculated the advisory guidelines range, considered the non-guidelines factors and arrived at a reasonable sentence, we affirm.

_____